IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ' |
| Plaintiff | ' |
| vs | '     CRIMINAL 01-0520CCC |
| 1) JAIME PINILLOS | ' |
| 2) RODRIGO CAMPUSANO | |
| **3) NOLGIE RODRIGUEZ-SAMO** | ' |
| Defendants | ' |

## O R D E R

On October 17, 2002, the United States filed an Information in Accordance with Title 21 U.S.C. §851 (docket entry 151) where it gave notice to the Court that defendant Nolgie Rodríguez-Zamo had three prior convictions for controlled substances offenses on which it would rely to seek an enhancement of his sentence pursuant to 21 U.S.C. §§841(a)(1), 841(b)(1)(A) and 851.  Under 21 U.S.C. §851(a)(1), in order for the Information to trigger the increased punishment provided by 21 U.S.C. § 841(b)(1)(A), it had to be filed with the Court and served on the defendant or his counsel before trial.  Adducing that the Information had been filed in this case after the commencement of the trial, on March 7, 2003 defendant Rodríguez-Zamo filed a motion seeking to strike it (docket entry 218).  We denied his request on March 18, 2003 (docket entry 228), after recreating the factual scenario at the time the Information was filed which led us to conclude that it had been filed and notified to defendant before the beginning of jury selection and thus, before trial, as required by the statute.

However, shortly before imposing sentence upon defendant Rodríguez-Zamo on March 18, 2003, we reconsidered our decision to apply the enhanced penalty of life imprisonment that was triggered by the Information.  While we reaffirmed then that "the filing of the Information . . . was made before the selection of the jury commenced and [defendant] was notified of the Information before voir dire started," we also acknowledged that we had failed to follow our usual practice of conducting an "inquiry directly with defendant as to his awareness of such filing and of the allegations of the Information, nor whether he affirmed or denied his previous convictions or claimed their invalidity."  See Order dated March 18, 2003 (docket entry 230)

(Second March 18, 2003 Order).  We expressed that our failure to conduct that inquiry "cast[ed] doubt on whether defendant . . . was fully aware of the consequences of the filing of the Information and was able to rethink his decision to stand trial."

The United States appealed our refusal to impose a life sentence upon Rodríguez-Zamo based on the information.  On appeal, the parties interpreted the Second March 18, 2003 Order in differing ways:  while the government argued that it merely added the requirement of a pre-trial colloquy with defendant which it claimed is incorrect as a matter of law, defendant read it to suggest that the absence of a pre-trial colloquy as conducted in other cases where an information was filed could only mean that he had not been notified before trial of the filing of the information.  As the case was remanded for resentencing pursuant to United States v. Booker, 125 S.Ct. 738 (2005), the Court of Appeals also requested that we clarify the Second March 18, 2003 Order before resentencing Rodríguez-Zamo.  We proceed to do so.

We have consistently stated--in the two orders issued on March 18, 2003, and for the record during the sentencing hearing following an informal sidebar conference, as quoted by the Court of Appeals in its Opinion, see United States v. Pinillos-Prieto, 419 F.3d 61, 76 (1st Cir. 2005)--that the government filed and notified its information on Rodríguez-Zamo's prior convictions before trial as required by §851.  The Second March 18, 2003 Order expressly acknowledged the timely filing and notification of the information.  The fact that the Court refused to apply the sentencing enhancement because it had not had a colloquy with defendants before the trial began and after the filed/notification of the indictment was the result of a confusion on our part as to when said inquiry must take place.

We do note that our practice of conducting a colloquy with defendant regarding  the filing of an information under §851has its basis on that statute.  We erred, however, in requiring it before trial in this particular case since §851(b) clearly provides that a colloquy on the information **shall** be had with the defendant, after conviction but before pronouncement of sentence to allow him the opportunity to affirm or deny the previous convictions.  Accord Pinillos-Prieto,  419 F.3d at 76, n. 16.  Since the case has been remanded for re-sentencing, and, in order to comply with the statutory requirement set forth in §851(b), defendant is allowed until JANUARY 8, 2007 to inform the Court in a written motion signed both by him

CRIMINAL 01-0520CCC                    3

and his attorney whether he affirms or denies that he has been previously convicted as alleged in the information.  Defendant is expressly advised that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.  If defendant denies that he has been previously convicted as alleged in the information, he shall also file by JANUARY 8, 2007 a written response to the information in compliance with §851(c)(1) and (c)(2).  Defendant is further advised of the statute of limitations provision found in §851(e).

The December 5, 2006 sentencing hearing was continued in order to address the matter discussed above.  The re-sentencing hearing of defendant Rodríguez-Zamo will be reset after the §851 proceedings have concluded.

SO ORDERED.

At San Juan, Puerto Rico, on December 12, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge