IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs                                                    CRIMINAL 01-0520CCC

1) JAIME PINILLOS
2) RODRIGO CAMPUSANO
3) **NOLGIE RODRIGUEZ-SAMO**

Defendants

## O R D E R

On December 12, 2006, the Court issued an Order (docket entry 394) instructing defendant Nolgie Rodríguez-Zamo to inform by January 8, 2007 in a written motion signed both by him and his attorney whether he affirmed or denied the three prior convictions for controlled substances offenses included in the Information for enhancement of sentence filed by the United States against him on October 17, 2002 (docket entry 151). If defendant were to deny any of the prior convictions included in the Information, he was also required to file by that same deadline a written response to the Information in compliance with 18 U.S.C. § 851(c)(1) and (c)(2).

Defendant filed his Motion on January 8, 2007 (docket entry 395), but only signed by his attorneys of record. While he disputed in a one liner the government's contention that he possessed the required prior convictions to trigger the sentencing enhancement invoked in the Information, and also fleetingly alleged that said sentencing enhancement was inapplicable since he "did not conspire to possess any more than one kilo of cocaine,"[1] Motion, at p. 2, the bulk of defendant's arguments were aimed at claiming again that he never received proper notice of the filing of the Information, therefore, barring the application of the sentencing enhancement to a life sentence.

---

[1] Under 21 U.S.C. § 841(b)(1)(B), the sentencing enhancement on a 1-kilo cocaine-trafficking conviction that would be triggered by the Information at issue would be a term of imprisonment of ten years to life. In turn, under 21 U.S.C. § 841(b)(1)(A) the sentencing enhancement on a conviction for trafficking 5 kilograms or more of cocaine is a mandatory term of life imprisonment without release.

The issue of whether defendant was properly notified before trial with the filing of the Information as required by 21 U.S.C. § 851(a)(1) is already settled.  As we reaffirmed in the Order issued on December 12, 2006, "the government filed and notified its information on Rodríguez-Zamo's prior convictions before trial as required by § 851."  Order (docket entry 394), at p. 2.  While we had originally declined to impose the enhanced sentence based on our belief that § 851 also required a colloquy with defendant before trial on his awareness of the consequences of the filing of the Information, the Court of Appeals clarified in no uncertain terms that "there is no basis for such a requirement."  United States v. Pinillos-Prieto, 419 F.3d 61, 76 (1st Cir. 2005).  Defendant's insistence on the absence of proper notice of the filing of the Information is simply frivolous.

Defendant's assertion that he only conspired to possess one kilo of cocaine is, in turn, inane.  Suffice it to say that it goes against the jury's verdict, which unanimously found beyond reasonable doubt that "the quantity of cocaine involved in the conspiracy ... was more than five (5) kilograms, as charged in the indictment," Special Verdict Form Count One (docket entry 175) and that "the quantity of cocaine which defendant attempted to possess with intent to distribute was more than five (5) kilograms, as charged in the indictment." Special Verdict Form Count Two (docket entry 176).

Finally, while defendant was expressly given the opportunity to challenge the prior convictions included in the Information and respond to the same, he has failed to do either.  Certainly, his blanket remark that he "disputes the suggestion in the Government-filed Information that he possesses the requisite prior convictions required to trigger the requested enhancement," Motion, at p. 1, does not qualify as the written response to the information required by 21 U.S.C. § 851(c).  In any event, the statute specifically provides that no prior conviction may be challenged if it "occurred more than five years before the date of the information alleging such prior conviction.'  21 U.S.C. § 851(e).  The Information against defendant was filed on October 17, 2002 (docket entry 394), and the three convictions included therein occurred in 1991, 1993 and 1994.  Hence, any attempted challenge by defendant to the prior convictions included in the Information would have been ultimately barred by § 851(e).

Accordingly, Defendant's Response in Opposition to Government's Section 851 Enhancement, Denial of Prior Convictions in Response to Information, and Request for Full Evidentiary Hearing on Issue of 851 Notice (docket entry 395) is NOTED but DENIED. Defendant's resentencing hearing is RESET for JUNE 14, 2007 at 4:30 P.M.

SO ORDERED.

At San Juan, Puerto Rico, on May 30, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge